UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*:

| | | |
|---|---|---|
| **NICOLE LEWIS** | : | |
| *Plaintiff* | : | CIVIL ACTION NO. 3:22-cv-00361 |
| | : | |
| **V.** | : | |
| | : | |
| | : | |
| | : | |
| **WALMART, INC.** | : | |
| *Defendant* | : | **MARCH 8, 2022** |

### DEFENDANT'S NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

The named defendant, Walmart, Inc. ("Defendant") by and through its undersigned counsel, and pursuant to 28 U.S.C.A. § 1332(a) and § 1441, hereby removes this action from the Superior Court, Judicial District of Hartford, in the State of Connecticut, to the United States District Court for the District of Connecticut and in support of which states as follows:

1. The plaintiff, Nicole Lewis ("Plaintiff"), commenced an action by service of process on or about February 7, 2022 against the Defendant in Connecticut state court entitled, *Mary Taylor v. Walmart, Inc..* and returnable to the Superior Court, Judicial District of Hartford A copy of the referenced Summons and Complaint are attached hereto as **Exhibit A**.

2. This Notice of Removal is timely and filed with this Court within thirty (30) days after receipt by Defendant of the initial pleadings setting forth the claims for relief upon which this action is based. The Defendant was served on or about February 7, 2022.

3. The Plaintiff alleges that while on the premises located at 495 Flatbush Avenue, Hartford, Connecticut, she was caused to "slip and fall on carpeting that was not properly secured on

- 1 -

a wet floor." See Exhibit A, Complaint, at ¶ 9.  The Plaintiff further alleges that as a result of the incident, she suffered injuries to her left side, left hip, back, left wrist, and left knee. Id. at ¶ 14. Plaintiff further alleges that as a result of the incident, she has been obligated to expend money for "hospital, medical care and treatment, diagnostic studies, physical therapy, medicine, supplies, and equipment." See Id. at 15. Through medical records and bills provided to the defendant, plaintiff claims that she suffered lower back injuries and a lateral acetabular labral tear in her left hip. Plaintiff claims to have undergone several diagnostic imaging procedures, including X-Rays and multiple MRIs, approximately 25 chiropractic visits, and over 20 visits for physical therapy. Through her records, the Plaintiff further maintains that she has incurred in excess of $20,000 in medical bills.

Plaintiff further alleges that she has been prevented from enjoying life's activities because of these injuries, and that "some or all of said injuries or the effects thereof are or are likely to be permanent in nature." Id. at ¶ 16. In particular, Plaintiff claims to have been assigned a 3% permanent partial disability ("PPD") rating to her lumbar spine, a 10% PPD rating to her left hip by her chiropractor, and a 5% PPD to her lumbar spine and a 5% PPD to her left hip by her physiatrist.  The Plaintiff is approximately 50 years old, and therefore has a life expectancy of approximately 33 years. Based upon Plaintiff's allegations, the amount in controversy exceeds $75,000.00.

4. The Plaintiff resides in Hartford, Connecticut and alleges that she was injured at a Wal-Mart branded retail store in Hartford, Connecticut on the date alleged in the Complaint. Defendant, Walmart, Inc. is a foreign corporation organized under the laws of the state of Delaware with a principal place of business in Bentonville, Arkansas. Accordingly, there is complete diversity of citizenship between the Plaintiff and the Defendant.

**ROGIN NASSAU LLC**  •  ATTORNEYS AT LAW
CITYPLACE I  •  HARTFORD, CONNECTICUT  06103-3460  •  (860) 256-6300  •  JURIS NO. 050793

5. The above-entitled action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and thus may be removed to this Court by the Defendant pursuant to the provisions of 28 U.S.C. § 1441.

6. This action is removable pursuant to the provisions of 28 U.S.C. § 1441 because this is a civil action wherein the amount in controversy exceeds the sum of or the value of $75,000.00 exclusive of interest and costs, and Plaintiff and Defendant are citizens of different states.

Dated this 8th day of March, 2022.

                              THE DEFENDANT
                              WALMART, INC.

By: /s/ George C. Springer, Jr.
    George C. Springer, Jr. [ct03263]
    Michael D. Blumberg [ct28990]
    Rogin Nassau LLC
    185 Asylum Street, 22nd Floor
    Hartford, CT 06103-3460
    Tel: (860) 256-6380
    Fax: (860) 278-2179
    E-mail: gspringer@roginlaw.com

- 3 -

**ROGIN NASSAU LLC** • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT  06103-3460 • (860) 256-6300 • JURIS NO. 050793

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was served electronically this 8th day of March 2022 and served by mail on anyone unable to accept electronic filing.   Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail at the addresses shown below to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

    Cassandra Dulepski, Esq.
    Polinksy Law Group, LLC
    890 West Boulevard
    Hartford, Connecticut 06105
    cld@polinsky-law.com

    *Counsel for Plaintiff*

    /s/ George C. Springer, Jr.
    George C. Springer, Jr. [ct03263]

- 4 -

**ROGIN NASSAU LLC** • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT 06103-3460 • (860) 256-6300 • JURIS NO. 050793

# EXHIBIT A

# SUMMONS - CIVIL
JD-CV-1  Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

**For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA.**

**STATE OF CONNECTICUT SUPERIOR COURT**
www.jud.ct.gov



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, CT  06106 | ( 860 ) 548 – 2700 | March 15, 2022 |

| ☒ Judicial District  ☐ Housing Session | G.A. Number: | At (City/Town) Hartford | Case type code (See list on page 2) Major: T   Minor: 12 |
|---|---|---|---|

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Polinsky Law Group, 890 West Blvd, Hartford, CT  06105 | 426988 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| ( 860 ) 232 – 9959 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes  ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) cld@polinsky-law.com |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: Lewis, Nicole<br>Address: 57 Huntington Street, Hartford, CT  06105 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: WALMART, INC., agent for service, CT Corporation Service<br>Address: 67 Burnside Avenue, East Hartford, CT  06108 | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date 02/02/2022 | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing Cassandra L. Dulepski, Esq. |
|---|---|---|---|

**If this summons is signed by a Clerk:**
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

**For Court Use Only**
File Date

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

Print Form                Page 1 of 2               Reset Form

ORIGINAL

**Instructions**

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*
2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*
3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*
4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*
5. Use this summons for the case type codes shown below.
   Do not use this summons for the following actions:
   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals
   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | | T 03 | Defective Premises - Private - Other |
| | C 90 | All other | | T 11 | Defective Premises - Public - Snow or Ice |
| Eminent Domain | E 00 | State Highway Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 10 | Redevelopment Condemnation | | T 20 | Products Liability - Other than Vehicular |
| | E 20 | Other State or Municipal Agencies | | T 28 | Malpractice - Medical |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 29 | Malpractice - Legal |
| | E 90 | All other | | T 30 | Malpractice - All other |
| | | | | T 40 | Assault and Battery |
| Housing | H 10 | Housing - Return of Security Deposit | | T 50 | Defamation |
| | H 12 | Housing - Rent and/or Damages | | T 61 | Animals - Dog |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 69 | Animals - Other |
| | H 50 | Housing - Administrative Appeal | | T 70 | False Arrest |
| | H 60 | Housing - Municipal Enforcement | | T 71 | Fire Damage |
| | H 90 | Housing - All Other | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 10 | Receivership | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 05 | Motor Vehicles* - Property Damage only |
| | M 20 | Mandamus | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 09 | Motor Vehicle* - All other |
| | M 40 | Arbitration | | V 10 | Boats |
| | M 50 | Declaratory Judgment | | V 20 | Airplanes |
| | M 63 | Bar Discipline | | V 30 | Railroads |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 40 | Snowmobiles |
| | | | | V 90 | All other *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 68 | Bar Discipline - Inactive Status | | | |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

| | | |
|---|---|---|
| **RETURN DATE: MARCH 15, 2022** | : | **SUPERIOR COURT** |
| **NICOLE LEWIS** | : | **J. D. OF HARTFORD** |
| **VS.** | : | **AT HARTFORD** |
| **WALMART INC.** | : | **FEBRUARY 2, 2022** |

## COMPLAINT

1. At all times relevant herein, the defendant, Walmart Inc., (hereinafter referred to as "Walmart") was and is an Arkansas company with a principal place of business of 702 SW 8th Street, Bentonville, Arkansas, which is authorized to do business in the State of Connecticut.

2. On or about July 10, 2020, and at all times relevant herein, defendant Walmart owned the premises located at 495 Flatbush Avenue in Hartford, Connecticut.

3. At all times material herein, defendant Walmart, its agents, servants and/or employees, maintained said premises at 495 Flatbush Avenue in Hartford, Connecticut, including the store floor.

4. At all times material herein, defendant Walmart its agents, servants and/or employees controlled said premises at 495 Flatbush Avenue in Hartford, Connecticut, including the store floor.

5. At all times material herein, defendant Walmart, its agents, servants and/or employees, managed said premises located at 495 Flatbush Avenue in Hartford, Connecticut, including the store floor.

6. At all times material herein, defendant Walmart operated the premises at 495 Flatbush Avenue in Hartford, Connecticut.

7. At all times material herein, defendant Walmart was and is a business open to the public, including the plaintiff herein.

8. On or about July 10, 2020, at approximately 4:00 p.m., the plaintiff Nicole Lewis was lawfully at the defendant's premises as a business invitee and patron of Walmart.

9. At said date and time, as the plaintiff Nicole Lewis was walking into Walmart, she was caused to slip and fall on carpeting that was not properly secured on a wet floor.

10. As a result of said fall, the plaintiff Nicole Lewis sustained serious and permanent injuries and losses as more fully described below.

11. Defendant Walmart, its agents, servants and/or employees had a duty to use reasonable care to inspect and maintain said carpet and floor to be certain that said carpet and floor was safe for those lawfully on the premises, including the plaintiff herein.

12. The plaintiff's injuries and losses were caused by the carelessness and negligence of the defendant Walmart, its agents, servants and/or employees, in one or more of the following particulars:

    a.    IN THAT they failed to properly maintain the carpet and/or floor;

    b.    IN THAT they failed to properly inspect the carpet and/or floor on a regular basis;

    c.    IN THAT they knew or should have known in the exercise of reasonable care, of said dangerous and hazardous condition, namely the unsecured carpet on the wet floor, but failed to take measures to remedy the same;

    d.    IN THAT they allowed the unsecured carpet to remain on the wet floor for an unreasonable amount of time;

    e.    IN THAT they failed to warn the plaintiff that the carpet area was hazardous and dangerous;

    f.    IN THAT they failed to erect signs or barriers or otherwise isolate the unsecured carpet on the wet floor;

    g.    IN THAT they failed to enact and/or follow adequate procedures to ensure that the carpet was properly inspected and maintained;

    h.    IN THAT they failed to properly train their agents, servants and/or employees to inspect and maintain the carpet areas of the store including the entrance/exit area for the safety of their custumers;

    i.    IN THAT they failed to exercise reasonable care in keeping said carpeted area reasonably safe for the uses and purposes intended; and



  j.  IN THAT they caused and/or allowed the floor under and around the carpet to get and remain wet causing the hazardous and dangerous condition described herein.

13. The dangerous and hazardous condition of the carpet at the entrance/exit door as enumerated in paragraph 13. a.- j. was the proximate cause of the plaintiff's injuries as set forth more fully herein.

14. As a result of the aforesaid carelessness and negligence of the defendant, plaintiff Nicole Lewis suffered injuries to her left side, left hip, back, left wrist and left knee. Following the fall, she went to AFC Urgent Care for evaluation and treatment. Subsequent examination revealed that the plaintiff Nicole Lewis sustained associated injuries to the attaching and surrounding connective tissue structures of the aforementioned areas. All of the said injuries have caused the plaintiff severe pain, mental anguish, and have been a severe shock to her entire nervous system.

15. As a further result of the above-described carelessness and negligence of the defendant, the plaintiff has been, and in the future may be obligated to expend money for hospital, medical care and treatment, diagnostic studies, physical therapy, medicine, supplies and equipment attendant to his injuries.

16. As a further result of the above described carelessness and negligence of the defendant, the plaintiff has been prevented from enjoying the full spectrum of life's activities, and some or all of said injuries or the effects thereof are or are likely to be permanent in nature.

17. As a further result of the above-described carelessness and negligence of the defendant, the plaintiff has suffered great mental anxiety and emotional distress and will suffer same in the future due to his concern over his physical condition and the injuries caused by the aforesaid accident.

WHEREFORE, the Plaintiff claims:

1. Money Damages;

2. Any and all other sums which this court deems reasonable and just.

Dated at Hartford, Connecticut this 2nd day of February, 2022.

PLAINTIFF,

BY    Cassandra L. Dulepski<br>
Polinsky Law Group, LLC<br>
890 West Boulevard<br>
Hartford, CT 06105-4139<br>
Juris # 426988

POLINSKY LAW GROUP LLC — ATTORNEYS AT LAW — 890 W. Boulevard  Hartford, CT  06105-4139  JURIS no. 426988  (860) 232-9959  FAX (860) 586-8557

| | | |
|---|---|---|
| **RETURN DATE: MARCH 15, 2022** | : | **SUPERIOR COURT** |
| **NICOLE LEWIS** | : | **J. D. OF HARTFORD** |
| **VS.** | : | **AT HARTFORD** |
| **WALMART INC.** | : | **FEBRUARY 2, 2022** |

### STATEMENT OF AMOUNT IN DEMAND

Pursuant to Section § 10-20 of the Connecticut Practice Book, the Plaintiff states as follows:

The amount in demand in this matter is greater than $15,000.00.

The relief sought is within the jurisdiction of the Superior Court in the State of Connecticut.

```
                                        PLAINTIFF,
                                        [signature]
                                BY      Cassandra L. Dulepski
                                        Polinsky Law Group, LLC
                                        890 West Boulevard
                                        Hartford, CT 06105-4139
                                        Juris # 426988
```

POLINSKY LAW GROUP LLC
— ATTORNEYS AT LAW —

890 W. Boulevard  Hartford, CT  06105-4139  JURIS no. 426988  (860) 232-9959
FAX (860) 586-8557